UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| RICHARD R. GREEN,<br><br>          Plaintiff,<br><br>     vs.<br><br>BANK OF AMERICA, N.A. and DOE<br>DEFENDANTS 1—50,<br><br>          Defendants. | CIV. NO. 20-00177 LEK-KJM |

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR ORDER OF REMAND**

Before the Court is Plaintiff Richard R. Green's
("Green") Motion for Order of Remand ("Motion"), filed on
May 20, 2020.  [Dkt. no. 8.]  Defendant Bank of America, N.A.
("BOA"), filed its memorandum in opposition on July 10, 2020,
and Green filed his reply on July 17, 2020.  [Dkt. nos. 22, 24.]
The Court finds this matter suitable for disposition without a
hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice
for the United States District Court for the District of Hawaii
("Local Rules").  Green's Motion is hereby granted in part and
denied in part for the reasons set forth below.  The Motion is
granted insofar as the instant case is remanded to the state
court because not all defendants consented to removal.  The
Motion is denied as to Green's request for an award of removal-
related attorneys' fees and costs because, although the removal

was procedurally defective, BOA had an objectively reasonable basis for attempting removal.

## DISCUSSION

Green's claims in this case arise out of the foreclosure of his condominium unit in Kihei, Hawai`i. Green initially filed a Complaint on July 18, 2019 in the State of Hawai`i Second Circuit Court ("state court"), together with: Plaintiffs David Abel and Kristin Abel; Lin G. Eldridge, Individually and as Trustee of the Linden Geary Eldridge Trust dated October 30, 1997; Stacie Ray Ferreira; Gregg C. Inokuma ("Inokuma"); Isaak K. Lui and Tracy N. Lui; and Jennifer I. Polich. [Notice of Removal of Action ("Notice of Removal"), filed 4/20/20 (dkt. no. 1), Exh. A (Complaint).]

BOA's Notice of Removal purports to remove Green v. Bank of America, N.A., Civil No. 19-1-0234(3)-D, based on diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332 and 1441. [Notice of Removal at pgs. 1-2.] BOA states Green only brought claims against BOA and Defendants Brian Wiwchar and Barbara Wiwchar ("the Wiwchars"). [Id. at ¶ 2.] On April 20, 2020, BOA also filed a Notice of Removal of Action in Inokuma v. Bank of America, N.A., CV 20-00178 LEK-RT. [Inokuma, dkt. no. 1.] On May 20, 2020, Inokuma filed his Motion for Order of Remand ("Inokuma Motion"). [Inokuma, dkt. no. 7.] The Inokuma Motion was granted in part and denied in part in an August 3, 2020

2

order ("<u>Inokuma</u> Remand Order").  [<u>Inokuma</u>, dkt. no. 20.[1]]  BOA
filed a motion for reconsideration of the <u>Inokuma</u> Remand Order
on August 17, 2020, and the motion was denied in a September 29,
2020 order ("<u>Inokuma</u> Reconsideration Order").  [<u>Inokuma</u>, dkt.
nos. 22, 25.[2]]

      On August 5, 2020, BOA was ordered to file a statement
addressing whether it was maintaining its position on the
removal of this case, in light of the <u>Inokuma</u> Remand Order.
[Dkt. no. 28.]  BOA filed its statement on August 6, 2020.
[Dkt. no. 30.]

      For the reasons set forth in the <u>Inokuma</u> Remand Order
and the <u>Inokuma</u> Reconsideration Order, this Court concludes that
BOA's Notice of Removal in the instant case was procedurally
defective.  Although the Wiwchars were not nominal, fraudulently
joined, or unknown defendants, and they were properly served,
BOA did not obtain the Wiwchars' consent to the removal of this
action.  The Wiwchars' filing of a notice dismissing their
cross-claim against BOA without prejudice does not distinguish
this case from <u>Inokuma</u>.  <u>See</u> Mem. in Opp., Decl. of Allison
Mizuo Lee, Exh. A (Notice of Partial Dismissal Without Prejudice

---

[1] The <u>Inokuma</u> Remand Order is also available at 2020 WL
4455102.

[2] The <u>Inokuma</u> Reconsideration Order is also available at
2020 WL 5807332.

of Defs. Brian Wiwchar and Barbara Wiwchar's Cross-Claim Against Def. Bank of America, N.A., Filed Oct. 17, 2019, filed in the state court on 4/20/20).  The notice states: "No further claims remain in this circuit court action by or against the Wiwchars." [Id. at 2.]  However, this does not constitute a final judgment as to the Wiwchars.  The Wiwchars are still parties to the present action, and their timely consent to removal was required.  Because BOA failed to obtain the Wiwchars' timely consent, the Notice of Removal was not unanimous, and, thus the Notice of Removal was procedurally defective.  See Inokuma Remand Order, 2020 WL 4455102, at *4-5.  As this is a dispositive defect, it is not necessary to address Green's remaining arguments in support of remand.

Further, for the reasons stated in the Inokuma Remand Order, Green's request for removal-related attorneys' fees and costs is denied.  See 2020 WL 4455102, at *5

**CONCLUSION**

For the reasons stated, Green's Motion for Order of Remand, filed on May 20, 2020, is HEREBY GRANTED IN PART AND DENIED IN PART.  The Motion is GRANTED insofar as this Court: CONCLUDES that the removal of this case was improper because not all defendants consented to removal; and REMANDS the instant case to the state court.  The Motion is DENIED as to Green's request for an award of removal-related attorneys' fees and

costs.  The Clerk's Office is DIRECTED to remand this case on **November 3, 2020**, unless BOA files a timely motion for reconsideration of the instant Order.

BOA is CAUTIONED that, if it files a motion for reconsideration, the grounds for reconsideration cannot be the same as the grounds it raised in the motion for reconsideration of the <u>Inokuma</u> Remand Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 20, 2020.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

<u>RICHARD R. GREEN VS. BANK OF AMERICA, N.A., ET AL</u>; CV 20-00177 LEK-KJM; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ORDER OF REMAND